UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>        v.<br><br>JOSEPH R. BIDEN, JR.,<br>*President of the United States, et al.*,<br><br>        Defendants. | Civil Action No. 21-cv-3356<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

The plaintiff in this action, John Doe, an "Iranian national currently residing in Iran and [] employed as an anesthesiologist," Compl. for Declaratory and Injunctive Relief ("Compl.") ¶ 1, ECF No. 1, has moved to proceed under pseudonym in his instant action seeking declaratory and injunctive relief in connection with the denial of his U.S. immigrant visa application. Pl.'s Mot. to Proceed Under Pseudonym ("Pl.'s Mot"), ECF No. 2. For the reasons set forth below, the Court will grant the plaintiff's motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

**I.    BACKGROUND**

Plaintiff, an Iranian national, traveled to the United States with his spouse in February 2011 on temporary "J Exchange Visitor nonimmigrant visas," Compl. ¶ 7, which were "sponsored by the Mayo Clinic in Rochester, Minnesota," *id.* ¶ 8. During his time in the United States, "two U.S. citizen children were born to [p]laintiff and his spouse." *Id.* ¶ 9.

---

[1]     *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

Plaintiff returned to Iran, where he now lives and where he will be "during the pendency of this matter." Pl.'s Mot. ¶ 5.

In 2017, plaintiff "applied for a U.S. immigrant visa at the U.S. Embassy in Abu Dhabi, UAE." *Id.* ¶ 3. His "immigrant visa application was refused pursuant to 8 U.S.C. § 1182, which encompasses terrorist-related grounds of inadmissibility to the U.S." *Id.* ¶ 4. Without having access to "any explanation or indication of facts that may have been relied upon by the U.S. Embassy in Abu Dhabi," plaintiff points to two of his past experiences as potentially relevant: first, his "past medical experience at a hospital affiliated with IRGC [the Iranian Islamic Revolutionary Guard Corps] as a designated Foreign Terrorist Organization," and second, his "past volunteer experience during the Iran-Iraq war." *Id*. Plaintiff has now filed this suit, challenging the U.S. government's application of 8 U.S.C. § 1182 to his situation, *see* Compl. ¶¶ 49–68, under the Administrative Procedures Act, *see id.* ¶¶ 69–86, and on constitutional grounds, *see id.* ¶¶ 87 – 100.

Plaintiff seeks to proceed under pseudonym to protect against "the risks of being falsely labeled as an individual who provided services and support to IRGC as a designated Foreign Terrorist Organization, with the concomitant reputational and personal safety risks posed by being associated falsely with IRGC" and with publicly "disassociating himself with IRGC and its activities" while he remains in Iran. Pl.'s Mot. ¶¶ 7–8.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30

days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require 'parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'"  *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure describe circumstances in which filings may be redacted and where access to public filings may be limited.  FED. R. CIV. P. 5.2.  Minors, for example, must be referred to using only their initials.  FED. R. CIV. P. 5.2(a)(3).  The court may also, for good cause, "require redaction of additional information."  FED R. CIV. P. 5.2(e)(1).

Courts have also, in special circumstances, permitted a party to proceed anonymously.  A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  *In re Sealed Case*, 971 F.3d at 326.  Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'"  *Id.* (quoting *In re Sealed Case*, 931 F.3d

at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

### III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that the plaintiff has met his burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. The public's interest in the litigant's identity is *de minimis* compared to the significant privacy interests of the plaintiff, who reasonably fears that proceeding under his real name will expose him and his family to

4

the "risk of retaliatory harm," including persecution and harassment by the Iranian government, because by "disassociating himself with IRGC and its activities," plaintiff could be found "to have committed 'antirevolutionary behavior,' 'have sided with global arrogance,' or 'insulted' Islam." Pl.'s Mot. ¶ 8.

First, as the description of plaintiff's claim makes clear, plaintiff does not seek to proceed under pseudonym "merely to avoid . . . annoyance and criticism," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." *In re Sealed Case*, 931 F.3d at 97. Plaintiff highlights the "risks of being falsely labeled as an individual who provided services and support to IRGC as a designated Foreign Terrorist Organization," and his privacy interest in not being "unfairly brand[ed] . . . as an individual associated with terrorism." Pl.'s Mot. ¶ 7. As plaintiff notes, this Court has previously recognized the "risks of being associated with terrorism" as sufficient grounds for a plaintiff to proceed pseudonymously. *See Doe v. Benoit*, No. 19-cv-1253 (BAH), 2019 WL 13079193, at *4 (D.D.C. Apr. 30, 2019) (citing *Doe v. Lynch*, No. 16-cv-253 (BAH), 2016 WL 10844617, at *1 (D.D.C. Apr. 28, 2016)).

Second, plaintiff has sufficiently alleged that disclosure of his identity "poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties." *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Plaintiff explains that if his name were publicly associated with the Complaint, in which he "disassociat[es] himself with IRGC and its activities," he "could be deemed by the government of the Islamic Republic of Iran to have committed 'antirevolutionary behavior,' 'have sided with global arrogance,' or 'insulted' Islam," and the Iranian government could subject him to persecution and harassment. Pl.'s Mot. ¶ 8. Furthermore, because plaintiff's

5

wife and children also reside in Iran, "innocent non-parties" would be affected by disclosure of plaintiff's identity and could be subjected "to similar harassment and social ostracism from the government and community." *Id.* ¶ 9. Thus, the third *James* factor also weighs in favor of granting plaintiff's motion, *see In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238), as plaintiff's children are minors, Pl.'s Mot. ¶ 9.

The fourth *James* factor weighs slightly against granting plaintiff's motion. Although "there is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, such as this one, nothing about these proceedings creates any need for transparency with respect to the plaintiff's identity. *Cf. id.* (describing the public interest as "particularly great" where regulated entity sued government agency regarding "special exemptions" from statutory obligations). Here, plaintiff seeks to vindicate only his own rights, and anonymity appears to be necessary to provide him the opportunity to do so.

Finally, the defendants would suffer no "risk of unfairness" if the plaintiff's motion were granted. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Allowing the plaintiff to proceed under pseudonym will have no impact on any private rights, as the defendants are all government officers. *See* Compl. at 1. Plaintiff states his intention to "inform [d]efendants of [p]laintiff's true identity" through counsel. Pl.'s Mot. ¶ 14. Thus, allowing the plaintiff to proceed anonymously will not compromise the defendants' ability to defend this action. In addition, the plaintiff seeks only to proceed using pseudonym, and has not requested that all court filings be sealed. *Id.* ¶ 11.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiff's significant and "legitimate interest in anonymity" at this early stage in the litigation is more

than sufficient to overcome "countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 97. Any general presumption in favor of open proceedings or public interest in disclosing the plaintiff's identity is significantly outweighed by the deadly threat that such disclosure would entail. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Under Pseudonym is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and plaintiff may proceed with the case using the pseudonym "John Doe;" it is further

**ORDERED** that the plaintiff must file, under seal, within ten days of this Order, a declaration containing his real name and residential address; it is further

**ORDERED** that the defendants are prohibited from publicly disclosing the plaintiff's identity or any personal identifying information that could lead to the identification of the plaintiff by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: January 6, 2022

_____
BERYL A. HOWELL
Chief Judge